IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KENNETH CRISSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-3031 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Respondent United States of America's Motion to Dismiss (d/e 5) Petitioner Kenneth Crissey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Petition) (d/e 1).  Because the Petition is untimely and not subject to equitable tolling, the Motion to Dismiss is GRANTED.

I. FACTS

In February 2009, the grand jury returned an Indictment charging Petitioner with two counts of distribution of child pornography, one count of possession of child pornography, and one count of forfeiture.

See United States v. Kenneth G. Crissey, Case No. 09-30020, Indictment, d/e 2. In April 2009, Petitioner pleaded guilty to all of the counts in the Indictment pursuant to a Plea Agreement. See Case No. 09-30020, April 15, 2009 Text Order and Plea Agreement and Stipulation of Facts, d/e 10. Petitioner was represented by Assistant Federal Defender Robert Joseph Schershligt.

In the Plea Agreement, Petitioner acknowledged that, upon conviction, he would be classified as a "sexual predator" pursuant to state law[1] and would be required to register as a sex offender for life. Case No. 09-30020, Plea Agreement, d/e 10, ¶ 20. Petitioner waived his right to direct appeal and collateral attack. Id. ¶¶ 34, 35.

On September 21, 2009, United States District Judge Jeanne Scott sentenced Petitioner to 204 months' imprisonment on each of Counts 1 and 2, and 120 months on Count 3, all to run concurrently, and lifetime supervised release. In addition, all of the property listed in Count 4 of the Indictment was forfeited. Petitioner did not appeal.

---

[1] The Plea Agreement incorrectly cites 750 ILCS 150/2. The correct citation is 730 ILCS 150/2.

On July 9, 2012, Petitioner filed a "Motion for Leave to File Out-of-Time Appeal" (Motion). See Case No. 09-30020, d/e 37. In the Motion, Petitioner asserted that, after sentencing, he told his trial counsel to file an appeal challenging the constitutionality of lifetime supervised release and the sexual predator classification. On December 10, 2010, Petitioner contacted counsel regarding the status of his appeal.

On January 14, 2011, Assistant Federal Defender Thomas C. Wilmouth responded to Petitioner's correspondence. See Case No. 09-30020, d/e 37. In that letter, Attorney Wilmouth explained why Petitioner had no grounds for appeal. Wilmouth also noted that Petitioner waived his right to appeal any portion of his case in the Plea Agreement. Attorney Wilmouth advised Petitioner that the only appeal right he had left was to file a petition under 28 U.S.C. § 2255 alleging that counsel was ineffective for allowing Petitioner to enter into a plea agreement that waived his habeas corpus rights. Attorney Wilmouth also advised Petitioner that his time to file a habeas petition may have passed.

On July 23, 2012, this Court denied Petitioner's Motion for Leave to File Out-of-Time Appeal Pursuant to Federal Rules of Appellate Procedure. Case No. 09-30020, Opinion, d/e 39. Petitioner did not appeal this ruling.

On February 7, 2013, Petitioner filed the Petition at issue herein (d/e 1). In his Petition, Petitioner raises two grounds for relief. First, Petitioner asserts that his trial counsel was ineffective for failing to timely appeal and for failing to object to the sexual predator classification. Second, Petitioner asserts that his due process rights were violated because he was not provided an adequate hearing to defend against the sexual predator classification and was not told that he would be exposed to potential civil commitment proceedings.

Petitioner filed an Affirmation in support of his § 2255 Petition. See d/e 3. In that Affirmation, Petitioner asserts that, prior to his guilty plea, counsel told Petitioner that he was being classified as a sexual predator. Affirmation, d/e 3, ¶ 9. Petitioner asked counsel to object to the sexual predator classification because it was excessive. Id. ¶ 10. Trial counsel advised Petitioner that the classification would not affect

Petitioner's sentence and that an objection to the classification would only upset the terms of the Plea Agreement.  Id. ¶ 11.

Petitioner also asserts that he was never advised of the collateral consequence of civil commitment proceedings due to his sexual predator classification.  Id. ¶ 12.  Petitioner claims that his counsel's failure to object to the sexual predator classification resulted in an enhanced sentence and subjects Petitioner to the future collateral consequence of civil commitment proceedings.  Id. ¶ 13.  Petitioner further states that had he been advised that classification as a sexual predator would subject him to possible civil commitment proceedings, he would not have pleaded guilty.  Id. ¶¶ 14, 18.  Petitioner asserts that the sexual predator classification imposed on him was in violation of his due process rights because he does not meet the requirements of the classification.  Id. ¶ 17.

## II.  ANALYSIS

The United States argues the Petition should be dismissed because it is untimely and Petitioner waived his right to collaterally attack his conviction and sentence.  Because the Petition is untimely, the Motion to

Dismiss is granted and the Court does not address Petitioner's waiver of his right to collaterally attack his conviction and sentence.

A one-year period of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Respondent argues that only the first or fourth limitations period apply here and, under either period, Petitioner's § 2255 Petition is untimely. Petitioner does not dispute that his Petition is untimely and

makes no argument about when the one-year limitation period began to run. Instead, Petitioner argues that equitable tolling applies. Petitioner argues that his attorney's failure to perfect a timely notice of appeal created an impediment that prevented Petitioner from timely fling a § 2255 petition. Petitioner also asserts that he was diligent in pursuing his rights.

The Petition is untimely. Petitioner's conviction became final on October 9, 2010—one year and ten days after judgment was entered—because Petitioner did not file a direct appeal. <u>See</u> Fed.R.App.P. 4(b)(1)(A) (2009) (providing 10 days to file a notice of appeal) (eff. until Dec. 1, 2009); Fed.R.App.P. 26(a)(1) (excluding weekends and holidays when calculating time period less than 11 days) (eff. until Dec. 1, 1999). Therefore, the Petition, which was filed on February 7, 2013, is untimely.

Moreover, the Petition is untimely even if the time period is calculated from the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Petitioner was aware of his classification as a sexual predator before he entered his guilty plea because that information was contained

in the Plea Agreement.  See Clark v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013) (noting that when the attorney mentioned possible immigration consequences to the petitioner before she pleaded guilty, the petitioner was on notice that she might be deported and had a duty to inquire; however, the one-year period of limitation did not begin to turn until she was sentenced and the deadline for appeal expired).  In addition, Petitioner knew, by January 14, 2011, that his counsel had not filed a direct appeal, but Petitioner did not file his Petition until February 7, 2013.

Consequently, the Petition must be dismissed as untimely unless Petitioner can show that equitable tolling should apply.  The period of limitation set forth in § 2255 is subject to equitable tolling if Petitioner shows he has been pursuing his rights diligently and some extraordinary circumstance stood in his way.  Weddington v. Zatecky, 721 F.3d 456, 464 (7th Cir. 2013) (finding that factual issues remained whether the limitations period should be equitably tolled during the time the state confiscated the petitioner's legal papers).  Equitable tolling is an extraordinary remedy applied only where extraordinary circumstances

beyond the petitioner's control prevent timely filing. Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004). In this case, Petitioner has shown neither diligence nor extraordinary circumstances warranting equitable tolling.

Even if counsel had improperly failed to file a direct appeal, attorney negligence is generally not an extraordinary circumstance for purposes of equitable tolling. Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (refusing to equitably toll the period of limitation for a petitioner whose attorney missed the filing deadline by one day due to mental incapacity); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) (rejecting argument that the limitation period should be equitably tolled because the delays were due to an incompetent attorney). A client, even one who is incarcerated, must oversee and take responsibility for his attorney's actions and failures. Modrowski, 322 F.3d at 968.

Nonetheless, the United States Supreme Court has found that egregious attorney conduct can, in certain circumstances, warrant equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010) (remanding the cause to the lower courts to determine whether equitable

tolling should apply).  In Holland, the attorney appointed to represent the petitioner in all state and federal postconviction proceedings failed to timely file the petitioner's federal habeas petition and was unaware of when the limitation period expired.  Holland, 130 S.Ct. at 2555, 2564.  The United States Supreme Court noted that these facts alone might suggest simple negligence, which does not warrant tolling the period of limitation.  Id. at 2564.  However, the attorney also failed to (1) timely file the petition despite the petitioner's repeated letters emphasizing the importance to do so and identifying the applicable legal rules; (2) inform the petitioner when the state supreme court decided his case, despite the petitioner's many requests for that information; and (3) communicate with his client over a period of years, despite the petitioner's numerous requests that counsel respond to the petitioner's letters.  Id. at 2564.  The Court found that the attorney's failures prejudiced the petitioner because the petitioner lost his one opportunity to challenge his imprisonment and death sentence by way of a federal habeas petition.  Id. at 2565.

The Court also noted the petitioner's diligence, which included writing numerous letters to his attorney and contacting the state courts and their clerks in an effort to have his attorney removed from his case. Id. at 2565. In addition, the day the petitioner found out that the limitation period had expired, he prepared his own petition and filed it with the district court. Id. at 2565.

In contrast here, Petitioner sent one letter to counsel 14 months after sentencing. Petitioner does not indicate that he made any other efforts to determine the status of his appeal, such as contacting the clerk's office. Nothing prevented Petitioner from determining the status of his appeal before the limitation period ran. See, e.g., United States v. Prieto, 2012 WL 12539, at *3 (N.D. Ill. Jan. 3, 2012) (noting that even if an attorney fails to inform the petitioner about his appeal, the petitioner must take steps to determine when the limitation period began to run).

Moreover, counsel responded to Petitioner's letter within a little over one month. Upon learning that counsel had not filed a direct appeal, Petitioner did not immediately file his habeas petition, like the

petitioner in Holland, but instead waited approximately 17 months to file a motion to file a late appeal. When that motion was denied, Petitioner waited another six months to file his habeas petition. Therefore, Petitioner has failed to show extraordinary circumstances outside his control that prevented him from timely filing his petition or that he diligently pursued his claim.

Petitioner also argues that his Petition should not be barred as untimely because he is actually innocent of the sexual predator classification. A court may disregard the one-year limitation period where the petitioner is actually innocent. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013).

This Court could not find a case that applied the actual innocence exception in a situation similar to that in this case—where a petitioner alleged he was actually innocent of a state law classification that applied to him as a result of his federal conviction. See Dretke v. Haley, 541 U.S. 386, 388 (2004) (noting that the actual-innocence exception has been applied where the constitutional error resulted in the conviction of one who is actually innocent of the underlying offense or, in a capital

sentencing context, is actually innocent of the aggravating circumstances that render the individual eligible for the death penalty); but see also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (noting that some Circuits have applied the actual innocence exception to claims involving noncapital sentences).  Moreover, although Petitioner argues that his classification resulted in a sentencing enhancement, the Presentence Investigation Report does not reflect any such enhancement. See Case No. 09-30029, Presentence Investigation Report, d/e 33 (reflecting that Petitioner's offense level was increased (1) by two levels because the offense involved a minor who had not attained the age of 12 years; (2) five levels because the offense involved distribution for the receipt or expectation of receipt of a thing of value but not for pecuniary gain; (3) by four levels because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence; (4) by two levels because the offense involved the use of a computer or interactive computer service; and (5) by 4 levels because the offense involved at least 300 images but fewer than 600 images).

Petitioner argues that the sexual predator classification resulted in a term of lifetime supervised release.  However, the statutory provision applicable for Petitioner's offense provided for a term of supervised release of "any term of years not less than 5, or life."  See 18 U.S.C. § 3583(k).

In any event, even if Petitioner could use an actual innocence claim to overcome the one-year limitation period, Petitioner has not provided any evidence to support his claim that he is actually innocent of the sexual predator classification.  See, e.g., Schlup v. Delo, 513 U.S. 298, 324 (1995) (holding that a credible actual innocence claim requires that a petitioner support his claim of constitutional error with new reliable evidence).  The Illinois Sex Offender Registration Act defines a "sexual predator" as a person who, after July 1, 1999, is convicted of a federal offense substantially similar to any of the offenses listed in subsection (E) of that statute.  730 ILCS 150/2((E)(1).  The offenses listed in subsection (E) include child pornography, 720 ILCS 5/11-20.1.  See also People v. Clendenin, 2011 WL 10099134, at *5 (Ill. App. Ct. June 3, 2011) (holding that "a conviction of possession of child pornography

qualifies one as a 'sexual predator' . . . who must register as a sex offender for life"), citing 730 ILCS 150/2(E)(1) and 730 ILCS 150/7 (providing that a sexual predatory must register as a sex offender for life). Therefore, it appears that Petitioner, who was convicted of child pornography under federal law, was properly classified as a sexual predator under Illinois law.

For all these reasons, the Petition is untimely and not subject to equitable tolling. Therefore, this Court need not address whether dismissal is warranted on the basis that Petitioner waived his right to collaterally attack his conviction and sentence.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability. Reasonable jurists would not dispute that the action is barred by the applicable period of limitations. See 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For the reasons stated, the United States of America's Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 5) is GRANTED and Petitioner' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DISMISSED.  CASE CLOSED.

ENTER: November 15, 2013

FOR THE COURT:

                      s/Sue E Myerscough
                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE